UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO.: _____

LIZANNE DEEGAN
     Plaintiff,

vs.

CITY OF HOMESTEAD, CHIEF OF HOMESTEAD
POLICE ALEXANDER ROLLE,JR., and  FORMER
HOMESTEAD OFFICERS ANTONIO AQUINO
and MARIE KENT
     Defendants.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, LIZANNE DEEGAN, sues Defendants CITY OF HOMESTEAD, CHIEF OF POLICE ALEXANDER ROLLE, JR., former HOMESTEAD POLICE OFFICERS ANTONIO AQUINO and MARIE KENT for compensatory and punitive damages and states as follows:

### Jurisdiction

1) This is an action pursuant to Title 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights and privileges by the Defendants who were acting under color of Florida Law at all times material hereto, her rights to free speech in the work place on matters of public import, false arrest and malicious prosecution.

2) This Court has original jurisdiction over the parties in and for count 1, the violation of civil rights claim for false arrest;  in count 2, the claim for violation of civil rights by malicious prosecution; count 3, claim for violation of Plaintiff's right to free speech in the workplace on matters of public import and count 4, Plaintiff's claim for civil rights violation against Defendant city of Homestead.  It has pendant jurisdiction over

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 2 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 2 of 18

counts 5 and 6 since these counts are related to and arise out of the same fact pattern as Counts 1 through 4.

## General Allegations, the Parties and Venue

3) Plaintiff has retained the services of the undersigned law firm and agreed to pay a reasonable fee therefore.

4) All conditions precedent to both this action and the right to collect attorney's fees have occurred, been waived, or rendered impossible of performance by Defendants, their agents or representatives.

5) Plaintiff, a citizen and resident of Miami-Dade County, Florida and the United States of America, did not consent to the violation of her civil rights, including her right to be free from illegal seizure, malicious prosecution, and subsequent dismissal from her position as a sworn law enforcement officer for the city of Homestead, Florida.

6) Plaintiff was a member of the Homestead Police Department for over 26 years. Plaintiff started as dispatcher in March 1988. She rose to a sworn and certified police officer in January 1993, was promoted to the rank of detective in 1996 and to sergeant in July 2008. In her 26 year career she was only disciplined once for which she was docked one (1) days' pay prior to the incidents complained of herein.

7) Defendant Chief of Police ALEXANDER ROLLE, JR. at all times material hereto, was an employee of Defendant City of Homestead Police Department located in Miami-Dade County, Florida.

8) Defendant former Homestead OFFICER MARIE KENT was, prior to December 2015, an employee of Defendant City of Homestead Police Department located in Miami-Dade County, Florida.

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 3 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 3 of 18

9)    Defendant former Homestead OFFICER ANTONIO AQUINO was, prior to December 2015, an employee of Defendant City Of Homestead Police Department located in Miami-Dade County, Florida.

10)    All Defendant Officers, including Chief of Police ALEXANDER ROLLE, JR., were acting within the course and scope of their employment, or acting on behalf of and for the benefit of Defendant City of Homestead at all times material hereto.

11)    All Defendant Officers, including Chief of Police ALEXANDER ROLLE, were acting in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

12)    Defendant City of Homestead is a Political Subdivision of the State of Florida located in Miami-Dade County, Florida.

**FACTUAL ALLEGATIONS,**

13)    Plaintiff was the sergeant on duty the night of February 6, 2011.

14)    On that night an individual (H.Y) was attacked and battered by Homestead Police Officer Soto, at a bar called Celio's, located in Homestead, Florida.. Officer Soto covered up the incident and did not discuss or admit same to Plaintiff, his supervisor that night.

15)    H.Y. called 9-1-1, reporting that he was attacked by nine (9) officers, an impossibility since nine officers were not on duty that night. Further nine officers would only be on scene in response to a major incident or crime which would have been noted on all radio channels and other means of communication throughout the city and county.   No such alert was sent or generated.

Deegan v. City of Homestead, et. al.
Complaint
Page 4 of 18

16) Nevertheless Plaintiff and an Officer Soto responded to H.Y.'s location. H.Y. did not identify Officer Soto as his assailant despite the fact that Officer Soto was with H.Y, Plaintiff .and numerous Fire-Rescue personnel at H.Y's location.

17) Plaintiff thereafter followed H.Y. to the hospital where she interviewed H.Y. with the aid of an interpreter, a hospital security guard. Plaintiff also photographed H.Y.'s injuries. During the interview H.Y. identified the hospital security guard as his assailant.

18) Plaintiff then gave H.Y. her business card which contained her department issued cell phone number, the Department phone number and a Homestead police incident number (which is not a case number) with instructions to follow up the next day. H.Y. was very drunk at the time of the incident and while being interviewed at the hospital. He admitted drinking eight (8) to nine (9) beers in a few hours prior to the incident. H.Y. never followed up as directed.

19) Plaintiff therefore had no duty to prepare a police report since she was unaware of any crime involving a Homestead officer.

20) Plaintiff knew that a police report could subsequently be generated if H.Y. chose to follow up as instructed. Plaintiff took all required steps to document the incident given what she knew at the time she interviewed H.Y, at the hospital, including preserving potential evidence by photographing H.Y.'s injuries.

21) In March 2011, the following month, Plaintiff and Defendant Chief Rolle had a falling out over Plaintiff's attempt to defend herself and a civilian employee from a hostile work environment created by a newly promoted superior officer. Shortly thereafter at a department meeting which Plaintiff did not attend Chief Rolle made

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 5 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 5 of 18

disparaging remarks about Plaintiff. Defendant Chief Rolle's comments, made at a department meeting attended by numerous Homestead police officers, could or did negatively impact morale and performance of all officers in their duties.

22) Defendant Rolle developed a personal animosity towards Plaintiff as a result of Plaintiff attempting to defend herself and her colleague.

23) Defendant Rolle further commented at meetings that… "It may take a while but we know how to get rid of people." Chief Rolle further publicly commented on at least two other occasions that "if you are not with us then you are against us."

24) Plaintiff had a good faith belief that the above comments were directed at her based on the interactions between her and Defendant Chief Rolle and the context of the statements.

25) Plaintiff thereafter filed a complaint with Internal Affairs regarding the above noted comments by Defendant Chief Rolle.

26) Defendant Kent was the sole Internal Affairs officer at the time. Defendant Kent brought in Defendant Aquino to assist in investigating Plaintiff despite the fact that Defendant Aquino was not an Internal Affairs officer. Defendant Chief Rolle approved this assignment. Both defendants answered solely and directly to Defendant Chief Rolle.

27) Both knew or should have known of Defendant Rolle's animosity toward Plaintiff. Defendants Aquino and Kent also knew or should have known that Defendant Rolle ran the Police Department as if its officers were personal employees serving at his whim.

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 6 of 18

Deegan  v. City of Homestead, et. al.
Complaint
Page 6 of 18

28))   Defendants Aquino and Kent, at the direct or implied request of Defendant Chief Rolle, thereafter targeted Plaintiff beginning in April 2011. They conducted a flawed and incomplete investigation and falsified the results thereof in order to obtain an unjustified arrest warrant for Plaintiff for violating F.S. § 838.022, a felony. It was falsely alleging Plaintiff committed official misconduct by covering up the assault on H.Y. by Officer Soto, an assault by Officer Soto of which Plaintiff was unaware and about which no complaint had ever been made.

29)   Defendant Kent thereafter was promoted to Captain with a substantial pay and benefits increase.

30)   Defendant Aquino was thereafter officially transferred to internal Affairs with a substantial pay and benefits increase.

31)   Defendant Aquino prepared the arrest affidavit upon which the warrant was based. It contained numerous false allegations and material misrepresentations and omissions, including but not limited to the following:

a. there was no ongoing human trafficking investigation on March 29, 2011, The Department, however, still claims that said investigation is ongoing as of December 2015;

b. Plaintiff was never notified of frequent complaints that Hispanic males were beaten and pepper sprayed by Homestead police at Celio's;

c. The reference to the complaint of H.Y. omitted that H.Y. complained of being assaulted by nine (9) officers, more than were on duty at the time, a material omission since this detail meant that the victim's story was simply incredible;

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 7 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 7 of 18

    d. There were no taped conversations between Dispatcher Ramos, Officer Soto and Plaintiff on the date alleged;

    e. Further the statements attributed to H.Y. that he was kicked out of Celio's because it was getting late and that he told the officer that he was waiting for a ride were contradicted by H.Y. during his sworn statement of April 8, 2011 referenced in the Affidavit. .

    f. The fact that H.Y. identified the translator, a security guard at the hospital, as the officer who beat him when Plaintiff interviewed H.Y. at the hospital minutes after H.Y. Plaintiff and Soto, the assailant, had been together in front of H.Y.'s house, was omitted;

    g. H.Y. was shown photographs of various Homestead officers at the state attorney's office before Plaintiff's arrest. H.Y. identified Lt. Kent, a female IA investigator who had no involvement the night of the incident and whom H.Y. had never met, as the officer who interviewed him at the hospital. This misidentification was omitted;

    h. Officer Soto's statement referenced on page 5 of the affidavit was not sworn. Officer Soto never alerted Plaintiff to the possible case she was accused of covering up and for which she was ultimately arrested. In Officer Soto's second version of his statement he states that he the only thing he told Plaintiff was that H.Y. came busted up out of the bar. Officer Soto never reported the beating. Officer Soto never confirmed his suspicions that Plaintiff would cover up the incident .

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 8 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 8 of 18

i. Officer Meese's statement that he was at N. Krome and 8th St. when Plaintiff and Officer Soto arrived at the location in separate cars but at the same time, and that Plaintiff told him that H.Y. had said that Soto beat him up is contradicted by the reported prior statements of every witness recounted in the affidavit and reviewed or taken by Defendant Aquino;

j. There was no evidence that H.Y. was the victim of a felony battery. There were no allegations that Claimant was ever aware that Officer Soto was alleged to have battered H.Y.

k. The close out memo of 12/2/13 prepared by ASA Perez-Medina when the case was dismissed further contradicts most if not all of the allegations of the arrest affidavit relating to Plaintiff. The close out memo relates Sgt. Deegan's actions in obtaining an incident number and supplying all necessary information to H.Y. based on what she knew at the time. .

32) The arrest warrant was therefore based on numerous false allegations and material omissions. The false statements and material omission were either intentional or the result of such gross negligence as to be the equivalent of being intentionally false. But for the false allegations and material misrepresentations and omissions the arrest warrant would not have been issued. There was no probable cause or arguable probable cause justifying the warrant or Plaintiff's arrest and prosecution.

33) Plaintiff was suspended with pay on April 26, 2011. Plaintiff was confined to her house from 8 to 4 five days a week. She was denied annual leave due to the ongoing investigation. These restrictions were in place until Plaintiff was unlawfully

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 9 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 9 of 18

arrested in Miami, Miami-Dade County, in the Southern District of Florida on July 2, 2012 at which time her pay was stopped. She was charged in case number F12-16373 with official misconduct in violation of FS §838.022 by covering up Off. Soto's attack on H.Y

34) Plaintiff was duly prosecuted despite the lack of probable or arguable cause for her arrest or prosecution.

35) The case against Plaintiff was dismissed on or about December 2, 2013 approximately one and a half (1 ½) years after her arrest.

36) Plaintiff challenged her firing via arbitration against the city of Homestead. She was re-instated as a sworn police officer but at a diminished rank and salary.

37) Plaintiff's defense against the criminal case and her prosecution of the arbitration was hampered by the actions of Defendants Kent when Defendant Kent illegally removed and presumably destroyed her, Kent's, internal affairs file in response to a lawful request therefore. When questioned under oath regarding these actions, Defendant Kent invoked her Firth Amendment privilege against self-incrimination.

38) Similarly, Defendant Rolle, in an attempt to cover up illegal destruction of records, backdated destruction logs to make it appear as if the destroyed files were routinely and lawfully destroyed, as opposed to being destroyed after request therefore.

39) Plaintiff's "mug shot" was posted on the internet after her arrest, a routine procedure for all arrestees. All individual Defendants were well aware of the existence of this digital "perp walk." Additionally, a current Google search of Plaintiff shows entries that claim that Plaintiff was involved in beating immigrants.

**Demand For Jury Trial**

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 10 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 10 of 18

40)	Plaintiff hereby demands trial by jury of all counts alleged herein.

## Count I
## Violation of Constitutional or Civil Rights
## Unlawful Arrest

41)	Plaintiff repeats and re-alleges Paragraphs 1 through 38 as if set forth herein.

42)	All individual Defendants, including Chief Rolle unlawfully arrested Plaintiff as there was no probable cause or arguable probable cause to arrest Plaintiff for any offense.

43)	All individual Defendants knew or should have known that the arrest of Plaintiff under the circumstances outlined herein was in violation of her constitutional rights and was otherwise illegal because Plaintiff's arrest was unsupported by arguable probable cause.

44)	The arrest of Plaintiff under the circumstances outlined herein violated Plaintiff's clearly established Constitutional Rights as guaranteed by the Constitution, and the First, Fourth and Fifth Amendments to the United States Constitution as made applicable to the states via the 14th Amendment.

45)	The arrest warrant was in effect fraudulently obtained and the individual defendants knew or should have known that such was the case so that the presence of an arrest warrant under the circumstances set forth herein do not excuse or justify the arrest of Plaintiff.

46)	The conduct of the individual defendants as alleged herein was sufficiently outrageous and egregious so as to justify a claim and award of punitive damages.

45)	Plaintiff was damaged as a result of being falsely arrested in violation of her Constitutional Rights including but not limited to her unlawful seizure, subsequent

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 11 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 11 of 18

detention, loss of income, and expenses incurred as a result of her arrest, including expenses of bond, lost income, lost retirement income by virtue of the interruption in the salary and earnings from which her retirement pension is calculated, damage to her reputation, and mental and emotional pain and suffering.

WHEREFORE Plaintiff demands judgment against all individual Defendants for monetary damages including attorney's fees incurred herein, costs, mental and emotional damage, lost income, lost retirement benefits otherwise guaranteed and for such other and further relief as is determined to be just and proper.

### Count 2
### Violation of Constitutional or Civil Rights
### Malicious Prosecution

46) Plaintiff repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein

47) An original judicial proceeding was commenced against Plaintiff herein, Case # 12-16373 beginning with her arraignment on the original charges.

48) The individuals Defendants herein were the legal cause of the original proceeding.

49) There was a bona fide termination of the proceeding in favor of Plaintiff.

50) There was an absence of probable cause for the original proceeding.

51) The individual Defendants herein instituted the original proceedings against Plaintiff with malice, either actual or legal.

52) Defendant was illegally seized without probable cause and subject to continued illegal seizure due to the nature of her pretrial release. Defendant was forced

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 12 of 18

Deegan  v. City of Homestead, et. al.
Complaint
Page 12 of 18

to post a bond of $5000.00, could not leave Florida without permission and attended all court hearings. .

53) The conduct of the individual defendants as alleged herein was sufficiently outrageous and egregious so as to justify a claim and award of punitive damages.

54) Plaintiff was damaged as a result of the above noted malicious prosecution and resulting continuing seizure including but not limited to loss of income, loss of otherwise guaranteed retirement income, emotional pain and suffering and humiliation.

WHEREFORE Plaintiff demands judgment against all individual Defendants for monetary damages including attorney's fees incurred herein, costs, mental and emotional damage, lost income, lost retirement benefits otherwise guaranteed, punitive damages and for such other and further relief as is determined to be just and proper.

**Count 3**
**Violation of Constitutional or Civil Rights**
**Right to  Free Speech on Matters of Public Import**

55) Plaintiff repeats and re-alleges Paragraphs 1 through 37 as if fully set forth herein.

56) Plaintiff, at all times material hereto, was exercising her right to free speech on matters of public import in the workplace.

57) Plaintiff had a right as a public employee to appropriately speak against unfair criticism of Plaintiff and Plaintiff's colleague without fear of being targeted for investigation and loss of employment.

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 13 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 13 of 18

58)    All individual Defendants, by targeting, investigating and ultimately bringing false charges against Plaintiff in retaliation for her exercise of her right to protected speech, violated that right.

59)    The conduct of the individual defendants as alleged herein was sufficiently outrageous and egregious so as to justify a claim and award of punitive damages.

60)    Plaintiff incurred damages as a result of the retaliation against her including the loss of her career, job, income, retirement benefits, damage to her reputation, and mental pain and suffering.

WHEREFORE Plaintiff demands judgment against all individual Defendants for monetary damages including attorney's fees incurred herein, costs, for punitive damages and for such other and further relief as is determined to be just and proper.

## Count 4
## Claim Against City

61)    Plaintiff repeats and re-alleges Paragraphs 1 through 34 as if set forth herein.

62)    Homestead knew or should have known that Defendant Chief Rolle ran the Police Department as if it was composed of his personal employees, not sworn officers who were protected by a contract, and the Police Officer's Bill of Rights.

63)    The Department, and the City, under Chief Rolle, had a policy of showing favoritism to Chief Rolle's hand-picked officers, creating new ranks and positions, and otherwise skirting the accepted civil serve requirements for attaining rank in the Department at all times material hereto.

64)    The Department and the City knew or should have known that, just as

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 14 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 14 of 18

Chief Rolle showed unfair favoritism to his cronies, he also unfairly targeted those officers he perceived as his enemies, such as Plaintiff herein.

65) The City knew or should have known that the Internal Affairs department was so under the thumb of Chief Rolle that it was ineffective, not independent and routinely prone to such sloppy procedures and records maintenance that evidence, records of interviews and material documents routinely went missing or otherwise disappeared.

66) The City failed to take any precautions to limit the arbitrary command of Chief Rolle and his improper personal use of Department officers and resources to further his vendettas, such as the one against Plaintiff, despite what it knew or should have known as alleged herein.

67) The City failed to timely institute proper supervisory and training procedures for Chief Rolle and the Internal Affairs Officers despite knowing that the individual defendants herein were substantially likely to deprive Plaintiff of her constitutional and statutory rights without such training and proper supervision.

68) The City had the power to prevent or aid in the prevention of the individual defendants' wrongful actions and could have done so by the exercise of reasonable diligence but knowingly, recklessly or with deliberate indifference and callous disregard for Plaintiff's rights, failed or refused to do so.

69) The City, directly or indirectly, under color of law, and without regard for legal standards or the constitutional rights of Plaintiff or others similarly situated approved, ratified or tolerated the unlawful, deliberate, malicious and reckless conduct of the individual defendant Officers as previously alleged herein and allowed the

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 15 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 15 of 18

creation of a work place culture that tolerated and encouraged such illegal conduct as alleged herein.

70)   Plaintiff was damaged as a result of the actions and inactions of the City as alleged herein including but not limited to being unlawfully seized, detained and prosecuted. She incurred loss of income, pension benefits and expenses of bond, damage to her reputation, and mental and emotional pain and suffering.

WHEREFORE Plaintiff demands judgment against Defendant City of Homestead for monetary damages including attorney's fees incurred herein, costs, and for such other and further relief as is determined to be just and proper.

## Count 5
## False Arrest

71)   Plaintiff repeats and re alleges Paragraphs 1 through 34.

72)   Plaintiff was wrongfully detained and arrested.  She was physically deprived of her freedom of movement, liberty, and right to privacy as guaranteed by the Federal and State constitutions.

73)   Plaintiff was wrongfully restrained in her movements by Defendants Kent and Aquino.

74)    All individual Defendants were without probable cause, arguable probable cause or any lawful justification to arrest Plaintiff, or to restrain her freedom or detain him in any fashion.

75)   Plaintiff has suffered damages as a direct result of her wrongful arrest including but not limited to mental suffering, embarrassment, humiliation, injury to her feelings and reputation, lost wages, and or income, diminution of her pension and the expenses of posting bail.

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 16 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 16 of 18

WHEREFORE Plaintiff demands Judgment against all individual Defendants for compensatory damages, costs, and for such other relief as the Court deems just and proper.

## Count 6
## Malicious Prosecution

76)  Plaintiff re-alleges paragraphs 1 through 34 above, and incorporates them into this Count.

77)  As a result of the Plaintiff's wrongful arrest she became a defendant in the Case of State vs. Lizanne Deegan, Case No. F12-16373, Miami-Dade Circuit Court.

78) The above criminal case was commenced against Plaintiff as a result of the wrongful arrest and improper police procedures used by Defendants Kent and Aquino with the encouragement of Defendant Rolle including the preparation and use of an affidavit in support of an arrest warrant which contained numerous intentional false statements and intentional, material omissions.

79) Plaintiff secured a bonafide termination of said case in her favor when it was dismissed against her on December 2, 2013. There was no bargained for resolution of any kind nor did Plaintiff make an apology or charitable donation in return for said dismissal.

80) There was no probable cause nor arguable probable cause for Plaintiff's arrest or the institution or continuation of the prosecution against Plaintiff as much as there was insufficient evidence that Plaintiff ever committed an arrestable offense.

81) The Defendant officers acted with actual or legal malice because there was no arguable probable cause for Plaintiff's arrest. The investigation against her was wrongfully instituted by Defendant Chief Rolle as retaliation for Plaintiff's filing an

Case 1:16-cv-22820-JAL   Document 1   Entered on FLSD Docket 06/29/2016   Page 17 of 18

Deegan v. City of Homestead, et. al.
Complaint
Page 17 of 18

Internal Affairs complaint against him. Defendants Aquino and Kent similarly acted with malice in that they intentional skewed the results of their Internal Affairs investigation to make it falsely appear as if Plaintiff had attempted to cover up a crime committed by a fellow officer in dereliction of her sworn duty, all at the express or implied request of Defendant Chief Rolle.

Alternatively the investigate was so sloppy, slipshod and incompetent as to be the equivalent of actual malice.

82) The false and misleading arrest affidavit was relied upon by Judge Leon Firtel of the 11th Circuit in Miami-Dade County in issuing the arrest Warrant and by the

State Attorney's office in deciding to prosecute Plaintiff. The Defendants thereby maliciously instituted criminal proceedings against Plaintiff.

83) Plaintiff has suffered damages as a direct result of the malicious prosecution against her including but not limited to mental suffering, embarrassment, humiliation, lost income and retirement income, damage to her reputation, and the imposition of an arrest record against Plaintiff.

WHEREFORE Plaintiff demands Judgment against all individual Defendants for compensatory damages, costs, and for such other relief as the Court deems just and proper. Dated this ____ day of June, 2016.

DeFABIO and FENN, P.A.
4000 Ponce De Leon Blvd. Suite 470
Coral Gables, FL. 33146
(305) 448-7200

lfenn@defabioandfennpa.com

Attorneys for Plaintiff

By: /s/ Leonard P. Fenn

LEONARD P. FENN, ESQ.
F.B.N. 237337